# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JOHN KRASKOV and CHRISTINA KRASKOV, | No. 54463-6-II |
| Respondent, | |
| v. | |
| DAVID OSTGAARD, | |
| Appellant, | UNPUBLISHED OPINION |
| and | |
| TREVOR DURHAM, ISAAC REYNOLDS, JEROME MARKET, ALEJANDRO MARTINEZ, and JANE DOE, and also all other persons or parties unknown claiming any right, title, estate, lien, or interest in the real estate described in the complaint herein, | |
| Respondents Below. | |

VELJACIC, J. — David Ostgaard attempted to purchase a parcel of land from Ted Ratermann. After paying Ratermann, Ostgaard attempted to record a quit claim deed at the Cowlitz County Treasurer's office[1] but it refused to record the deed. Unbeknownst to Ostgaard, Ratermann was behind on property taxes. Ostgaard recorded a lis pendens against the parcel. A couple of months later, the county foreclosed on the property due to the overdue property taxes. At a foreclosure sale, John and Christina Kraskov purchased the parcel. They sued Ostgaard and

---

[1] Ostgaard fails to explain why he was attempting to record a deed at the treasurer's office rather than the auditor's office. We do not speculate as to a reason.

a number of codefendants to eject them from the parcel and to quiet title. The Kraskovs' moved for summary judgment, which the trial court granted. Ostgaard appeals, arguing that the Cowlitz County Treasurer's office erred by refusing to record his deed and ignoring his lis pendens and that such failures lead to the foreclosure. He also argues that the Kraskovs have no interest in the parcel and they should be ejected and that the Kraskovs damaged the property and Ostgaard is owed damages.

We affirm the trial court's order.

FACTS

Ostgaard made payments to Ratermann to purchase a parcel of land. During the time Ostgaard was making payments, Ratermann failed to pay property taxes which resulted in foreclosure. In June 2018, upon his final payment, Ratermann provided Ostgaard a quit claim deed, and Ostgaard took that document to the county treasurer's office to record it. The treasurer's office refused to record the deed. On July 26, 2018, Ostgaard attempted to record a lis pendens; he stated this was to establish an interest in the parcel.

The superior court issued a tax foreclosure order against the parcel owned by Ratermann on September 5, 2018. Cowlitz County then became the owner of the parcel and conducted a foreclosure sale where the Kraskovs purchased the parcel. The Cowlitz County Treasurer's office issued the Kraskovs a treasurer's deed in December 2018 after the foreclosure proceeding.

The Kraskovs sued Ostgaard and several codefendants who were residing on the parcel for ejectment and to quiet title.[2] Ostgaard was the only defendant to respond to the Kraskovs' complaint, and the Kraskovs successfully moved for default judgment against the others. At the

---

[2] The Kraskovs also sought summary judgment, but their motion is not included in the record. Ostgaard's response to the motion for summary judgment and the Kraskovs' motion for entry of order on summary judgment are available.

first hearing before the trial court, Ostgaard argued that he was the owner of the parcel because he paid Ratermann, received a quit claim deed, attempted to file it with the treasurer's office, and then recorded a lis pendens against the parcel.

The trial court initially decided that whether Ostgaard had an interest in the property due to the lis pendens was a dispute of material fact and therefore summary judgment was improper. The court allowed for a subsequent hearing so the Kraskovs could submit additional briefing.[3]

At a subsequent hearing, the trial court examined transactions related to the parcel. It concluded that the county's tax foreclosure on the parcel foreclosed any interest Ratermann had. Based thereon, the quit claim deed Ostgaard received from Ratermann conveyed no interest in the parcel. Later, the court also concluded that the lis pendens did not establish priority over the tax lien and it was ineffective to overcome the foreclosure. The court granted summary judgment to the Kraskovs, ejecting Ostgaard and his codefendants and quieting title. Ostgaard appeals.[4]

## ANALYSIS

First, Ostgaard argues that he attempted to record his bill of sale for the parcel, but the Cowlitz County Treasurer's office refused. He also appears to argue that he recorded a lis pendens against the parcel, which should have prevented the treasurer's office from conducting the subsequent sale of the property. He claims that due to the treasurer's office's refusal to record his bill of sale, he did not receive tax notices, resulting in his failure to pay property taxes. He also argues that the treasurer's office should be held accountable for its failures. We cannot address these claims because the Cowlitz County Treasurer's office is not a party to this case.

---

[3] No trial briefing from either party is available in the record.

[4] Notably, Ostgaard appeals only this ejectment and quiet title action; he does not appeal the tax foreclosure action under cause number 18-2-00634-08.

3

We also reject Ostgaard's claims against the Kraskovs because he fails to cite to the record or to any legal authority. He asserts a number of arguments challenging the Kraskovs' actions and interest in the parcel. He argues that the Kraskovs have no interest in the parcel and that they should be ejected. He also argues that John Kraskov damaged the parcel by digging a trench across an easement. He requests monetary damages for the damage John Kraskov allegedly caused. He also requests loss of enjoyment and emotional distress damages from the Kraskovs. However, he fails to cite to the record or to any legal authority for his claims against the Kraskovs. Because we do not consider claims unsupported by the record or legal authority, we refuse to address these claims. *See Bercier v. Kiga*, 127 Wn. App. 809, 824, 103 P.3d 232 (2004).

We affirm the trial court's order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Glasgow, A.C.J.

_____
Price, J.